Frank S. Hedin (SBN 291289)
dhall@hedinhall.com
HEDIN HALL LLP
Four Embarcadero Center, Ste 1400
San Francisco, CA  94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOE FEDEROFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FASHION NOVA, INC.,<br><br>Defendant. | Case No. **'19CV0331 GPC JLB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zoe Federoff, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth in this complaint, after a reasonable opportunity for discovery.

## NATURE OF ACTION

Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of Fashion Nova, Inc. in transmitting unsolicited, autodialed SMS text message advertisements to her cellular telephone and the cellular telephones of numerous other consumers across the country, in violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

1

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2.     Personal jurisdiction and venue are proper this district because Defendant maintains its corporate headquarters in California and because Plaintiff's claims arose in substantial part in this district.  The unsolicited, TCPA-violative SMS or MMS text messages at issue in this case, including those received by Plaintiff, were transmitted from automated telephone dialing equipment located in this district.

## PARTIES

3.     Plaintiff is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a resident of Tucson, AZ.

4.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Defendant maintains, and at all times mentioned herein maintained, its corporate headquarters in Vernon, CA.

5.     Non-Party Retention Rocket, LLC ("Retention Rocket") is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Retention Rocket maintains, and at all times mentioned herein maintained, its corporate headquarters in San Diego, California. Defendant transmitted the SMS and MMS text message advertisements at issue in this case to Plaintiff and the members of the proposed Classes (defined below) via automated telephone dialing technology that is owned and maintained by its agent

CLASS ACTION COMPLAINT

1  Retention Rocket.[1] The text messages at issue in this case originated from
2  Retention Rocket's headquarters in San Diego, California.

3  <u>THE TELEPHONE CONSUMER PROTECTION ACT OF 1991</u>

4  6.   In 1991, Congress enacted the TCPA to address consumer
5  complaints regarding certain abusive telemarketing practices. The TCPA
6  prohibits, inter alia, the use of automated telephone equipment, or
7  "autodialers," to make any call, including sending a text message, to a wireless
8  number absent an emergency or the "prior express consent" of the party
9  called. And in the case of "advertisements" or "telemarketing" calls or texts, as
10  defined by applicable regulations, the TCPA requires the "prior express <u>written</u>
11  consent" of the called party to initiate such a call or text via an autodialer.

12  7.   Even in the face of the TCPA, automated and telemarketing calls
13  thrived, prompting the U.S. Federal Trade Commission to enact the National
14  Do Not Call Registry ("DNC List") pursuant to the Do-Not-Call Implementation
15  Act of 2003, 15 U.S.C. § 6101 et. seq. *See In re Rules & Regulations Implementing*
16  *the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 29 Comm. Reg. (P &
17  F) 830 (F.C.C. June 26, 2003). Registration for the DNC List began on June 27,
18  2003 and enforcement started on October 1, 2003.

19  8.   The TCPA prohibits companies from initiating telephone
20  solicitations, via phone call or text message, to any number registered on the
21  DNC List. *See* 47 C.F.R. § 64.1200(c)(2).

22

23  _____
24  [1]    *See* "Best Ecommerce Tools: 39 Apps to Grow a Multimillion-Dollar Business Online," ShopifyPlus, June 10, 2018, available at http://shopify.com/enterprise/ecommerce-tools-best (last accessed Feb. 15, 2019).

CLASS ACTION COMPLAINT

9.    Even after implementation of the DNC List, automated telemarketing continues to plague American cellular phone subscribers. "Since 2009, the FTC has seen a significant increase in the number of illegal sales calls . . . . Internet powered phone systems make it cheap and easy for scammers to make illegal calls from anywhere in the world, and to display fake caller ID information, which helps them hide from law enforcement."[2]

10.   Additionally, the TCPA prohibits companies from making calls or sending texts to non-business phone numbers before 8 a.m. and after 9 p.m. *See* 47 C.F.R. § 64.1200(c)(1).

11.   According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because such transmissions are a greater nuisance and invasion of privacy than live solicitation calls and receiving and addressing such calls and texts can be costly and inconvenient. The FCC also recognized that wireless customers are charged for such incoming texts whether they pay in advance or after the texts are used.

12.   One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it

---

[2] Federal Trade Commission, National Do-Not-Call Registry, *available at* https://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry (last accessed Feb. 10, 2019).

4

CLASS ACTION COMPLAINT

1  comes in the form of unwanted text messages of all kinds – from coupons to

2  phishing schemes – sent directly to user's cell phones."[3]

3      13.    SMS text messages are directed to a wireless device through a

4  telephone number assigned to the device. When an SMS text message is

5  transmitted, the recipient's wireless phone alerts the recipient that a message

6  has been received.

7      14.    Unlike conventional advertisements, SMS message advertisements

8  can actually cost recipients money because wireless phone users must pay

9  their wireless providers either for each text message they receive or incur a

10 usage allocation deduction to their text messaging or data plan, regardless of

11 whether the message is authorized.

12     15.    Moreover, the transmission of an SMS text message to a cellular

13 device is distracting and aggravating to the recipient and intrudes upon the

14 recipient's seclusion.

15          **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

16     16.    Plaintiff is, and at all times mentioned herein was, the subscriber

17 of the cellular telephone number (520) ***-4681 (the "4681 Number"). The 4681

18 Number is, and at all times mentioned herein was, assigned to a cellular

19 telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20     17.    Plaintiff has occasionally purchased merchandise from Defendant

21 via Defendant's website at http://www.fashionnova.com, but Plaintiff has never

22

---

23 [3] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many
   Calls, but Text Less than Teens, Pew Research Center (2010),
24 http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-
   Adults.aspx (last visited April 6, 2018).

CLASS ACTION COMPLAINT

1  provided Defendant "prior express written consent" or any other form of

2  consent to be sent Defendant's text message solicitations and advertisements.

3      18.    Between in or about early-2018 through the present, Defendant

4  transmitted or caused to be transmitted, by itself or through an intermediary

5  or intermediaries, including without limitation Retention Rocket, dozens of

6  SMS and/or MMS text message advertisements to the 4681 Number without

7  Plaintiff's "prior express written consent."

8      19.    For example, on or about January 21, 2019 and January 30, 2019,

9  Defendant transmitted or caused to be transmitted, by itself or through an

10  intermediary or intermediaries, including without limitation Retention Rocket,

11  the following texts to Plaintiff's 4681 Number, as depicted in the following

12  screenshots extracted from Plaintiff's cellular device:

13
14
15
16
17
18
19
20
21
22
23
24

 

6

CLASS ACTION COMPLAINT

20.     Moreover, Defendant sent its text message solicitations to Plaintiff and others similarly situated at all hours of the day, including before 8:00 a.m. and after 9:00 p.m. in the recipients' time zones.   For example, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, including without limitation Retention Rocket, text messages to Plaintiff's 4681 Number at or about 9:42 p.m. and 5:04 a.m. on or about November 26, 2018 and February 4, 2019, respectively, as shown in the following screenshots extracted from Plaintiff's cellular device:



21.     The SMS text message advertisements sent by Defendant to the 4681 Number and to the telephone numbers of the members of the proposed Classes defined below originated from the telephone number 31963, which is a five-digit short code that was leased by Defendant or Defendant's agent(s)

CLASS ACTION COMPLAINT

or affiliate(s), including without limitation Retention Rocket, and used for operating Defendant's text message marketing program.

22.   The hyperlinked FashionNova.com URLs that appear in the text messages transmitted by Defendant to the 4681 Number and to the unnamed Class members' numbers, examples of which are shown in the screenshots above, re-direct to websites where Defendant advertises the commercial availability of and sells its goods and services for profit.  The domain name FashionNova.com is leased or owned, and is operated and maintained, by Defendant or its agent(s) or affiliate(s), and the webpages accessible therefrom are hosted, operated, and maintained by Defendant or its agent(s) or affiliate(s) on servers that are leased or owned by Defendant or its agent(s) or affiliate(s).

23.   Because Plaintiff is alerted by her cellular device, by auditory or visual means, whenever she receives a text message sent to the 4681 Number, each unsolicited text message that Defendant transmitted to the 4681 Number was invasive and intruded upon Plaintiff's seclusion. Plaintiff became distracted and aggravated as a result of receiving Defendant's text messages, which came at all hours of the day.

24.   The text messages Defendant sent to Plaintiff's 4681 Number and to the numbers of the members of the Classes did not include mechanisms for the recipients to stop receiving such messages in the future.

25.    Numerous other consumers have likewise been inundated with Defendant's text message spam, also at all hours of the day and without a way to make the messages stop, as reflected by the following sampling of complaints "tweeted" to Defendant on Twitter:







26.     All of the complained-of text messages sent by Defendant to the

4681 Number and to the numbers assigned to members of the putative Classes

defined below constituted telephone solicitations as defined by 47 U.S.C. §

227(a)(4), "telemarketing" as defined by 47 C.F.R. § 64.1200(f)(12) & *id.* §

64.1200(a)(2), and "advertisements" as defined by 47 C.F.R. § 64.1200(f)(1), & *id.*

9

§ 64.1200(a)(2). This is because Defendant sent the text messages to market and advertise the commercial availability of its services and goods, for the purpose of selling such goods to Plaintiff and the other members of the proposed Classes for profit.

27.    All of the complained of text messages sent by Defendant to the 4681 Number and to the numbers assigned to members of the putative Classes were calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i) and 47 C.F.R. § 64.1200.

28.    All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant, including without limitation Retention Rocket, to the 4681 Number and to the numbers assigned to members of the putative Classes occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

29.    Specifically, Defendant utilized an "automated telephone dialing system" to transmit the aforementioned text messages to the 4681 Number and to the numbers assigned to members of the putative Classes because such messages were sent from a short-code telephone number used to message consumers *en masse*; because Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendant or Defendant's agent(s) or affiliate(s), including without limitation Retention Rocket, to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone

10

CLASS ACTION COMPLAINT

numbers, and to dial such numbers, *en masse*, in an automated fashion and without human intervention.  And indeed, Defendant actually transmitted the text messages at issue in this case to Plaintiff and all other proposed class members in an automated fashion and without human intervention, with hardware and software provided by Retention Rocket and/or other agent(s) or affiliate(s) that received and stored lists of telephone numbers and which then dialed such numbers automatically.

30.　Neither Plaintiff nor the other members of the proposed Classes defined below provided their "prior express written consent" allowing Defendant or any affiliate, subsidiary, or agent of Defendant to transmit autodialed text message advertisements to the 4681 Number or to any of the other class members' mobile telephone numbers by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200.

31.　The rules set forth in paragraph (c) and (d) of 47 C.F.R. § 64.1200 are applicable to the Defendant because the text messages it sent from its short codes were telephone solicitations to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." 47 C.F.R. § 64.1200(e).

32.　Whether or not Defendant's text messages to Plaintiff and others similarly situated were sent via ATDS, the unsolicited text messages were sent pursuant to a common telemarketing scheme for which the Defendant, or any agent or intermediary acting on its behalf, did not obtain the necessary consent

1  required by, and thus violated, the telemarketing and time-of-day telephone

2  solicitation restrictions of the TCPA and 47 C.F.R. § 64.1200(c)-(e).

3       33.    Defendant transmitted more than one text message advertisement

4  over a 12-month period to Plaintiff's 4681 Number and to the cellular telephone

5  numbers of the other members of the proposed After-Hours Class defined

6  below outside of the permitted call times, that is, prior to 8:00 a.m. and after

7  9:00 p.m., in violation of the TCPA and the regulations set forth in 47 C.F.R. §

8  64.1200(c)(1).

9                            <u>**CLASS ALLEGATIONS**</u>

10      34.    <u>"ATDS Class" Definition</u>. Plaintiff brings this civil class action on

11 behalf of herself individually and as a representative of the following class of

12 persons (the "ATDS Class") entitled to statutory damages under the federal

13 TCPA:

> All persons in the United States who, during the four
> (4) years preceding the filing of this Class Action
> Complaint through the date on which class
> certification is granted, received one or more text
> message promoting the sale of Defendant's goods or
> services sent by Defendant or an affiliate, subsidiary,
> or agent of Defendant, at a time when such persons
> had not expressly consented in writing to be sent
> such message(s).

19      35.    <u>"After-Hours Class" Definition</u>.   Additionally, Plaintiff brings this

20 civil class action on behalf of herself individually and as a representative of

21 the following class of persons (the "After-Hours Class") entitled to statutory

22 damages under the federal TCPA:

> All persons in the United States who, within any 12-
> month period during the four (4) years preceding the
> filing of this Class Action Complaint through the date

12

CLASS ACTION COMPLAINT

on which class certification is granted, received more than one text message promoting the sale of Defendant's goods or services sent by Defendant or an affiliate, subsidiary, or agent of Defendant before 8:00 a.m. and after 9:00 p.m. in the recipient's time zone.

36.  The "ATDS Class" and the "After-Hours Class" are at times herein collectively referred to as the "Classes."

37.  Defendant, its employees, and agents are excluded from the Classes.

38.  Plaintiff reserves the right to modify the definition of the Classes (or add one or more subclasses) after further discovery.

39.  Plaintiff and all members of the Classes have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

40.  This Class Action Complaint seeks injunctive relief and monetary damages on behalf of Plaintiff and the members of each of the two Classes.

41.  This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). The ATDS Class and the After-Hours Class each satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

42.  Upon application by Plaintiff's counsel for certification of the ATDS Class and the After-Hours Class the Court may also be requested to utilize and certify one or more additional subclass in the interests of manageability, justice, or judicial economy.

43.  <u>Numerosity</u>. A substantial number of persons comprise each of the Classes, which are each believed to consist of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member

1  of the ATDS Class and the After-Hours Class as a named plaintiff. Further, the

2  size and relatively modest value of the claims of the individual members of

3  the Classes renders joinder impractical. Accordingly, utilization of the class

4  action mechanism is the most economically feasible means of determining and

5  adjudicating the merits of this litigation.

6      44.  <u>Typicality</u>. While residing in the United States, Plaintiff received at

7  least one text message from Defendant from a short code, without having

8  provided her prior express written consent to Defendant. Additionally, while

9  residing in the United States, Plaintiff received within a 12-month period more

10  than one text message sent by Defendant or an affiliate, subsidiary, or agent

11  of Defendant before 8:00 a.m. or after 9:00 p.m. in Plaintiff's time zone.

12  Consequently, the claims of Plaintiff are typical of the claims of the members

13  of each of the Classes, and Plaintiff's interest is consistent with and not

14  antagonistic to those of the other members of either of the Classes she seeks

15  to represent. Plaintiff and all members of the ATDS Class have been impacted

16  by, and face continuing harm arising out of, Defendant's transmission of

17  autodialed text messages containing advertisements and telemarketing

18  material offering for sale Defendant's goods and services for profit. Plaintiff

19  and all members of the After-Hours Class have been impacted by, and face

20  continuing harm arising out of, Defendant's transmission of text messages

21  before 8:00 a.m. or after 9:00 p.m.

22      45.  <u>Adequacy</u>. Plaintiff has no interests adverse to, or which conflict

23  with, the interests of the absent members of the Classes, and is able to fairly

24  and adequately represent and protect the interests of the Classes. Plaintiff has

CLASS ACTION COMPLAINT

raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional representatives or assert additional claims on behalf of either or both Classes, as well as to add one or more class(es) or sub-class(es).

46. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other state and federal data privacy and consumer protection statutes.

47. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ATDS Class. These common legal and factual questions, which do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

a. Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted advertising or telemarketing text messages to Plaintiff's and Class members' cellular telephones;

b. Whether such text messages were sent using an "automatic telephone dialing system";

c. Whether Defendant or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained

CLASS ACTION COMPLAINT

prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

d. Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

48. There are well-defined common questions of fact and law that exist as to all members of the After-Hours Class which predominate over any questions affecting only individual members of the After-Hours Class. These common legal and factual questions, which do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

a. Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted, within a 12-month period, more than one text message to the cellular telephones of Plaintiff and Class members before 8:00 a.m. and after 9:00 p.m.;

b. Whether such after-hours text messages constituted "telephone solicitations" within the meaning of 47 C.F.R. § 64.1200(c);

c. Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

49. Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual

CLASS ACTION COMPLAINT

litigation of the claims of all members of either of the Classes is impracticable. Even if every member of the ATDS Class and the After-Hours Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of each of the Classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of the members of the Classes in individually controlling the prosecution of separate claims is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and the members of the Classes can be readily located and notified of this class action through Defendant's text message transmission records and, if necessary, the records of cellular telephone providers.

50.    Additionally, the prosecution of separate actions by individual members of either of the Classes may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the

1  interests of other members who are not parties to such adjudications, thereby

2  substantially impairing or impeding the ability of such nonparty members of

3  either of the Classes to protect their interests. The prosecution of individual

4  actions members of either of the Classes could further establish inconsistent

5  results and/or establish incompatible standards of conduct for Defendant.

6      51.    Defendant or any affiliates, subsidiaries, or agents of Defendant

7  have acted on grounds generally applicable to both of the Classes, thereby

8  making final injunctive relief and corresponding declaratory relief with respect

9  each of the Classes appropriate. Moreover, on information and belief, Plaintiff

10 alleges that the TCPA violations complained of herein are substantially likely

11 to continue in the future if an injunction is not entered.

12                          <u>CLAIMS FOR RELIEF</u>

13                       **FIRST CLAIM FOR RELIEF**
   **Violation of the TCPA, 47 U.S.C. § 227(b)(3) & 47 U.S.C. § 227(b)(1)(A)**
14 **(On Behalf of Plaintiff and the ATDS Class Members Against Defendant)**

15     52.    Plaintiff incorporates by reference paragraphs 1-51 as if fully

16 stated herein.

17     53.    Plaintiff and each member of the ATDS Class received at least one

18 text message from Defendant that promoted the sale of Defendant's goods or

19 services and was sent using an automatic telephone dialing system. Each such

20 text message constituted "advertising" or "telemarketing" material within the

21 meaning of the TCPA and its implementing regulations.  Neither Plaintiff not

22 any other member of the ATDS Class provided Defendant prior express

23 written consent to receive such text messages.

24

                                   18

54.    Defendant's use of an automatic telephone dialing system to transmit text message advertisements to telephone numbers assigned to cellular telephone service, including to Plaintiff's 4681 Number and the numbers of all members of the proposed ATDS Class, absent the requisite "prior express written consent," as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(b)(1)(A).

55.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and all ATDS Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

56.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and all ATDS Class members are also entitled to, and do seek, an award of statutory damages of $500.00 (or $1,500.00 for any willful or knowing violations) for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CLAIM FOR RELIEF**
**Violation of the TCPA, 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)(1)**
**(On Behalf of Plaintiff and the After-Hours Class Members Against Defendant)**

57.    Plaintiff incorporates by reference paragraphs 1-51 as if fully stated herein.

58.    Plaintiff and each member of the After-Hours Class received, within a 12-month period, more than one text message that promoted the sale of Defendant's goods or services before 8:00 a.m. and after 9:00 p.m. in the

recipient's time zone. Each such text message constituted a telephone solicitation call within the meaning of the TCPA and its implementing regulations. Neither Plaintiff not any other member of the After-Hours Class provided Defendant prior express written consent to receive such text messages.

59.    Defendant's transmission of more than one text message solicitation after 9:00 p.m. and before 8:00 a.m. within any 12-month period to Plaintiff's 4681 Number and to each After-Hours Class member's cellular telephone number, as set forth above, constituted violations of the TCPA by Defendant, including but not limited to violations of 47 U.S.C. § 227(c)(5) and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(1) and 47 C.F.R. § 64.1200(e).

60.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but not limited to 47 C.F.R. § 64.1200(c)(1) and 47 C.F.R. § 64.1200(e), Plaintiff and all After-Hours Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

61.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing regulations promulgated thereunder, including but not limited to 47 C.F.R. § 64.1200(c)-(f) and 47 C.F.R. § 64.1200(e), Plaintiff and all After-Hours Class members are also entitled to, and do seek, an award of statutory damages of up to $500.00 (or up to $1,500.00 for any willful or

1   knowing violations) for each such violation of the TCPA pursuant to 47 U.S.C.

2   § 227(c)(5)(B).

3                                    **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff Zoe Federoff prays for relief and judgment in

5   favor of herself and the members of the proposed Classes, as follows:

6          A.      Statutory damages of $500.00 (or $1,500.00 for any willful or

7   knowing violations) for Plaintiff and each member of the ATDS Class for each

8   of Defendant's violations of 47 U.S.C. § 227(b)(1)(A) pursuant to 47 U.S.C.

9   § 227(b)(3);

10         B.      Statutory damages of $500.00 (or up to $1,500.00 for any willful or

11  knowing violations) for Plaintiff and each member of the After-Hours Class for

12  each of Defendant's violations of 47 U.S.C. § 227(c)(5), and the implementing

13  regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)-(e), including but

14  not limited to 47 C.F.R. § 64.1200(c)(1) and 47 C.F.R. § 64.1200(e), pursuant to 47

15  U.S.C. § 227(c)(5)(B);

16         D.      Injunctive relief prohibiting such violations of the TCPA in the

17  future pursuant to 47 U.S.C. § 227(b)(3)(A) and 47 U.S.C. § 227(c)(5)(A);

18         E.      An award of attorneys' fees and costs to counsel for Plaintiff and

19  the Classes; and

20         F.      An Order certifying this action to be a proper class action pursuant

21  to Federal Rule of Civil Procedure 23, establishing the Classes proposed herein

22  and any Subclasses the Court deems appropriate, finding that Plaintiff is a

23  proper representative of the Classes, and appointing the law firms

24  representing Plaintiff as counsel for the Classes.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated:  February 15, 2019

Respectfully submitted,

HEDIN HALL LLP

By: s/ Frank S. Hedin
       Frank S. Hedin

Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
David W. Hall (SBN 274921)
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone:  (415) 766-3534
Facsimile:   (415) 402-0058

*Counsel for Plaintiff and the Putative Classes*

22

CLASS ACTION COMPLAINT